UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ASHBY,

    Petitioner,

  v.

JOSEPH LEHMAN,

    Respondent.

Case No. C03-5385RJB

ORDER CLARIFYING REIMBURSEMENT OF THE FILING FEE, DIRECTING PRISON AUTHORITIES TO STOP COLLECTING FUNDS FOR PAYMENT OF THE APPELLATE FILING FEE, DIRECTING THE CLERK OF COURT TO REIMBURSE Mr. ASHBY FOR FUNDS RECEIVED FOR THE APPELLATE FILING FEE, DENYING PETITIONER'S MOTION FOR RECUSAL AND SENDING THE CASE TO THE CHIEF JUDGE

  This Habeas Corpus petition filed pursuant to 28 U.S.C. § 2254 has been re-referred to this court following an appeal. When the case was re-referred the court entered a briefing schedule order. In that order the court asked the parties to address where the issue now before the court was raised and if the issue was exhausted (Dkt. # 52).

  At that time, Petitioner had filed a motion asking for reimbursement of the appellate filing fee and for an order directing prison officials to stop taking money from his account for payment of the filing fee (Dkt. # 46). This motion was filed on August 1st, 2006. On August 21st the Ninth Circuit entered a mandate that taxed costs of $163.40 (Dkt. # 49).

  When petitioner's motion was ripe for review it appeared from the timing of the motion and

ORDER
Page - 1

the cost bill that petitioner may have just received the relief he was requesting.  The court entered an order directing respondent "to make whatever adjustment and/or payment is necessary to fully reimburse petitioner for whatever portion of the $164.40 in costs he has actually expended" (Dkt. # 53).

Petitioner has now filed a motion asking the undersigned to "disqualify" himself.  The court considers the motion as a motion for voluntary recusal. Petitioner states this court is bias and has entered 2 rulings adverse to him since the case was remanded.

With regard to the briefing schedule order seeking specific briefing,  petitioner states "The record in this case demonstrates that this issue was fully exhausted as respondent has admitted in its brief to the Ninth Circuit" (Dkt. # 55 page 2).  The Ninth Circuit briefing is not part of the record before this court.  <u>See</u>, Docket sheet.  Thus, the court did not have the information before it and there was nothing improper in the court's order.

With regard to costs, Mr. Ashby now makes it clear that the costs he received from the Ninth Circuit of $163.40  is for copying costs of briefs, not for the filing fee (Dkt. # 55, pages 3 and 4).  Thus, the courts prior order did not properly address the issue and the court apologizes. Certain costs of appeal are taxable in District Court under the Federal Rules of Appellate Procedure.  Under FRAP 39 (e)(4) the court may tax the cost of the filing fee.  Petitioner cited to the rule and properly asked for reimbursement of the filing fee.  The confusion arose only because of the timing of the Ninth Circuit mandate which also awarded costs.

Prison officials are hereby **ORDERED** to stop collecting any payment for this filing fee of $105.  Further, the clerk of court is **ORDERED** to send Mr. Ashby a check for the amount of the $105 filing fee already collected.

The court now turns to the motion for recusal (Dkt. # 55).  Petitioner asks that the Magistrate Judge recuse himself from this action.  Pursuant to 28 U.S.C. 455 (a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  The judge shall also disqualify himself in circumstances where the judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.

ORDER
Page - 2

Under 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. <u>Preston v. United States</u>, 923 F.2d 731, 734 (9th Cir.1992); <u>United States v. Conforte</u>, 624 F.2d 869, 881 (9th Cir.1980). In <u>Liteky v. United States</u>, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474, (1994), the Supreme Court further explained the narrow bases for recusal:

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. <u>Id</u>. at 555, 114 S.Ct. 1147.

This court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the court. The court has no bias or prejudice in this case that would support a recusal or disqualification.

Having reviewed the rulings cited by plaintiff the court concludes the prior rulings do not show bias and the court should therefore decline to recuse voluntarily.   Pursuant to Local Rule General Rule 8 this matter is referred to the Chief Judge.

Accordingly it is hereby **ORDERED** that the undersigned judge **DECLINES** to recuse voluntarily.  The motion for recusal is **REFERRED** to Chief Judge Robert S. Lasnik for a decision.

The clerk is directed to send uncertified copies of this order to all counsel and to any party appearing *pro se* at said party's last known address.  The clerk is further requested to place the request for the recusal on Judge Lasnik's motion calender.  To prevent injury to any party this action is **STAYED** until Judge Lasnik rules on the motion to recuse.

DATED this 25th day of October, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 3