UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ASHBY, | |
| Petitioner, | Case No. C03-5385RJB |
| v. | ORDER TO SHOW CAUSE WHY AN EVIDENTIARY HEARING SHOULD NOT BE HELD |
| JOSEPH LEHMAN, | |
| Respondent. | |

This Habeas Corpus petition filed pursuant to 28 U.S.C. § 2254 has been re-referred to this court. The Ninth Circuit has reversed the District Court on one issue and ordered the court to address whether the petitioner was denied due process with regard to his ability to present "Staff witnesses" at his disciplinary hearing.

Mr. Ashby was accused of rioting and aggravated assault on a Crowley Correctional Officer during a riot in 1999. Petitioner was afforded a hearing and found guilty. He was sanctioned to 540 days loss of good time, 10 days isolation, and referred to administrative segregation. (Dkt # 22). In a personal restraint petition the Washington State Court of Appeals reversed the finding of guilt as to

ORDER
Page - 1

the assault because there was no evidence in the record regarding the amount of injury. The record did not, therefore, support the finding of guilt for aggravated assault. (Dkt # 23 exhibit 8).

The guilty finding as to rioting was upheld and the case was remanded for the Department of Corrections to consider the sanction. The sanction of 540 days loss of good time was reimposed on re-sentencing.

At his disciplinary hearing, Mr. Ashby requested testimony from several witnesses who were allegedly in the area when the alleged assault and rioting took place. No witnesses were called. The hearing officer explained that one inmate witness was in segregation at the time of the riot and therefore could not have relevant information (Dkt. # 24, Exhibit 12). There is no reason given for a failure to call the other witnesses. Instead, the hearing officer accepted half of Mr. Ashby's offer of proof, that the witnesses were in unit 3 at the time of the riot, but not his offer of proof that they may have relevant testimony. No reason for failing to call the witnesses was placed on the record.

Due process in this context requires that the inmate receive at least 24 hours advance written notice, that **there be a limited right to present witnesses and testimony when doing so will not endanger security of the institution**, and a right to have the decision of the tribunal in writing. Wolff V McDonnell, 418 U.S. 539 (1974)(emphasis added). The decision of the tribunal must be based on "some evidence." Superintendent v. Hill, 472 U.S. 445 (1985).

When considering a possible denial of witnesses the court has held Due Process requires prison officials to make a showing as to why witnesses were not called. Ponte v Real, 471 U.S. 491 (1985). That showing need not be made as part of the administrative record, and can be made by testimony at a later time.

To date there has been no explanation why the hearing officer did not call Mr. Ashby's witnesses. When the case was remanded the court ordered additional briefing. The additional briefing has been considered and the court now **Orders Respondent to Show Cause why an evidentiary hearing should not be held.**

Respondent may address the issue of the witnesses not being called and explain why they were not called. If an evidentiary hearing is not likely to produce the desired information due to the

ORDER
Page - 2

1  passage of time, the unavailability of witnesses, or for some other reason the court should be so
2  advised. The court will either set a hearing date or issue a Report and Recommendation that the
3  Petition be **GRANTED.**  Respondent would then have the option of restoring the good time or re-
4  issuing the infraction and re-hearing the matter.  A response is due on or before **April 20, 2007.**

      The Clerk is directed to send copies of this Order to petitioner and counsel for respondent and to note the matter on the Court's **April 20, 2007 calendar**.

DATED this 19 day of Match, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 3