UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL EUGENE ASHBY,<br><br>                Petitioner,<br><br>    v.<br><br>JOSEPH LEHMAN,<br><br>                Respondent. | Case No. C03-5385RJB<br><br>ORDER |

This matter comes before the Court on U.S. Magistrate Judge J. Kelley Arnold's Report and Recommendation. Dkt. 81. The Court has considered the Report and Recommendation, Objections to the Report and Recommendation, and the remainder of the file herein.

## I.   **FACTS**

Petitioner, Michael Ashby, originally filed this Habeas Corpus petition, pursuant to 28 U.S.C. § 2254, in July of 2003 regarding the loss of 540 days of earned early release time credits. Dkts. 1 and 48. The facts leading to the loss of his credits, as a result of March 1999 assault and rioting infractions, are set forth in Judge Arnold's Order to Show Cause (Dkt. 74) and the Report and Recommendation (Dkt. 81), and shall not be repeated here. On February 23, 2004, Petitioner's action was dismissed with prejudice in an Order Adopting the Report and Recommendation of Judge Arnold. Dkt. 35. On appeal, the Ninth Circuit reversed this Court on one issue: whether the Petitioner was denied due process with regard to his ability to present "staff witnesses" at his disciplinary hearing and remanded the matter for this Court to rule on this claim. Upon remand, this Court re-referred the case to Judge Arnold for further proceedings. Dkt.

ORDER
Page - 1

50.

On March 19, 2007, Judge Arnold entered an Order to Show Cause Why an Evidentiary Hearing Should Not be Held. Dkt. 74. In the order, Judge Arnold stated that to date, "there has been no explanation why the hearing officer did not call Mr. Ashby's witness." *Id.* Judge Arnold stated that "Respondent may address the issue of the witnesses not being called and explain why they were not called . . . . [and] if an evidentiary hearing is not likely to produce the desired information due to the passage of time, unavailability of witness, or for some other reason the court should be so advised." *Id.*

On March 30, 2007, Petitioner filed an "Objection to Magistrate's Order to Show Cause Why an Evidentiary Hearing Should Not be Held." Dkt. 75. On April 16, 2007, Respondent filed a Response to Order to Show Cause, arguing, for the first time, that a hearing should not be held because the earned early release credits have been restored. Dkt. 76. The record now shows that as of October of 2002, the Department of Corrections restored the 540 days of credits by expunging the March of 1999 assault infraction. Dkt. 76-2 at 11 and 25. The March 1999 rioting infraction remains on Petitioner's record, though does not take any earned early release time from Petitioner. *Id.*

This Court treated Petitioner's "Objection to Magistrate's Order to Show Cause Why an Evidentiary Hearing Should Not be Held," (Dkt. 75) as an appeal of a non-dispositive order entered by a magistrate judge pursuant to Fed. R. Civ. P. 72(a), and denied it. Dkt. 78. Petitioner then filed a Reply to the Order to Show Cause. Dkt. 80.

Judge Arnold entered the pending Report and Recommendation, recommending dismissal of the Petition as moot because the credits have been restored. Dkt. 81. Petitioner files Objections to the Report and Recommendation, arguing that the Report and Recommendation should not be adopted because it fails to address whether his Due Process rights were violated when his "requested staff witnesses were not called to give in person testimony at his disciplinary hearing." Dkt. 82. Petitioner argues that he is entitled to "vacation the the [sic] infraction and expunged from his prison record" as relief "even if the good time ahs [sic] been restored." *Id*. Petitioner argues that as a result of the rioting infraction, he was not allowed to earn 25.5 early release days from March 1, 1999 to August 1, 1999 and was not allowed to earn 55.83 early release days from August 1, 1999 to July 1, 2000 that he might have earned had he not been in administrative segregation. Dkt. 80. Petitioner alleges that these were the dates that he spent on

administrative segregation as a result of the assault and rioting infractions. *Id*. at 2. He argues, that he was denied the opportunity to earn those credits because he was improperly in administrative segregation. *Id*. On May 10, 2007, Petitioner filed a Supplemental Addition to Objection to Magistrate's Report and Recommendation. Dkt. 83. He attaches an inmate kite, which under the "question" section reads:

> Hi Ms. Hinrichen - - I'm writing you because I have received your declaration written for the atty [sic] gen [sic] dated 4-10-07 regarding the written infraction 650 rioting dated 3-5-99. My question is that their [sic] is a high possibility that infraction will be ordered expunged from my record - I was not allowed to earn 25.5 from 3-1-99 to 8-1-99 and 55.83 days from 8-1-99-7-1- the days I spent in ad [sic] seg [sic] from this infraction. My question now is if the infraction is vacated will the loss of the above days reported not earned be restored - - and if not how do I go about having them restored - we are talking about 81 day total not earned between those dates.

The "response" portion reads, "[i]f ordered to be restored - It should be just 2 entries removed and your date should change." Dkt. 83, at 6. Petitioner argues that this response from the Dept. of Corrections means that the Court should "look at the fact that it can grant the petition and order that Mr. Ashby receive his earned time back," despite the fact that his 540 day credits have already been restored. Dkt. 83, at 2.

## II.   DISCUSSION

### A.   STANDARD

Pursuant to 28 U.S.C. § 2254, this Court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Under 28 U.S.C. § 2254(d), a habeas corpus petition shall not be granted with "respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim 1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court" or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court shall be presumed correct. 28 U.S.C. § 2254(e)(1). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.

### B.   DUE PROCESS VIOLATION STEMMING FROM INABILITY TO EARN EARLY RELEASE TIME CREDITS

Petitioner concedes that the original basis for relief that he sought, the restoration of 540 days of earned early release time credit he had actually earned, has been given back to him. Dkts. 80, 82, and 83.

Petitioner now seeks, as relief from the alleged Due Process violation, the rioting infraction vacated, his record expunged, and wants the Court to award 81 days of earned early release time credits he might have earned had he not been on administrative segregation. *Id*. Although it is unclear whether Petitioner fully exhausted this issue in the Washington State courts, in light of the Ninth Circuit's order on remand, this opinion will address Petitioner's remaining claim.

The Due Process Clause provides that no state "shall deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. Amend. XIV, § 1. The threshold question is whether Petitioner has a protected liberty interest which was implicated in this matter. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner,* 515 U.S. 472, 483-4 (1995). These liberty interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, *see e.g. Vitek v. Jones*, 445 U.S. 480(1980)(transfer to a mental hospital), "nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The Report and Recommendation should be adopted, and this Petition should be dismissed. Petitioner has failed to identify a liberty interest implicated in this matter which is protected under the Due Process Clause. Petitioner does not have a protected liberty interest in being free from administrative segregation. *Smith v. Noonan*, 992 F.3d 987, 989 (9th Cir. 1993)(holding that although a liberty interest may arise from the Due Process Clause or be created by state law, neither the Constitution nor Washington state law provides a liberty interest to be free from administrative segregation). Petitioner does not have constitutionally recognized, nor a Washington state law created, liberty interest in a particular security classification. *Hernandez v. Johnson*, 833 F.2d 1316, 1318 (9th Cir. 1987). Moreover, "[t]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Woolf v. McDonald,* 418 U.S. 539, 556-57 (1974). Petitioner makes no showing that Washington's denial of the opportunity to earn early release credits to a prisoner in administrative segregation, "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 484; *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006)(holding no liberty interest implicated by a prisoner's failure to earn early release time while in administrative segregation). His ineligibility for earned

early release time credits was a consequence of a discretionary decision to place him in administrative segregation. The collateral consequence, that he was unable earn early release time credits, does not convert his placement in administrative segregation into a protected liberty interest.

Not only does Petitioner fail to identify a protected liberty interest, but his claim that he would have earned 81 days in earned early release credit is speculative, at best. The record indicates that, during the time that he alleges he could have been earning early release credits had he not improperly been in administrative segregation, March 1, 1999 to July 1, 2000, he received infractions on four occasions. Dkt. 80, at 8. On June 10, 1999, Petitioner was infracted for sexual harassment of staff and lost 20 days earned early release credits. *Id.* On June 18, 1999, he received infractions for tampering with a lock and for sexually harassing staff and lost 65 days of earned early release credits. *Id.* On November 16, 1999, Petitioner received an infraction for "refusing to leave" and lost 10 days earned early release credits. *Id.* Petitioner's argument that the Department of Corrections told him that if the riot infraction was removed, they would credit him the 81 days is unavailing. The Department of Corrections indicate only that "if ordered" they would give him the credits, not, if left to their discretion, they would do so. Dkt. 83. This petition should be dismissed.

### III.   ORDER

Therefore, it is hereby **ORDERED** that,

- U.S. Magistrate Judge J. Kelley Arnold's Report and Recommendation (Dkt. 81) is **ADOPTED**,
- The Petition is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to any party appearing *pro se* at said party's last known address, and to U.S. Magistrate Judge J. Kelley Arnold.

DATED this 23rd day of May, 2007.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge